```
 1   LAURA E. DUFFY
     United States Attorney
 2   ALESSANDRA P. SERANO
     Assistant United States Attorney
 3   California State Bar No. 204796
     Federal Office Building
 4   880 Front Street, Room 6293
     San Diego, California 92101-8893
 5   Telephone: (619) 557-7084/(619) 235-2757 (Fax)
     Email: alessandra.p.serano@usdoj.gov
 6
     Attorneys for Plaintiff
 7   United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 11CR1895-JLS |
|---|---|
| Plaintiff, | ) Date:  July 1, 2011 <br> ) Time:  1:30 p.m. |
| v. | ) |
| COREY LOFTIN, | ) GOVERNMENT'S RESPONSE AND <br> ) OPPOSITION TO DEFENDANT'S <br> ) MOTIONS TO: |
| Defendant. | ) (1)  Compel Discovery |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Laura E. Duffy, United States Attorney, and ALESSANDRA P. SERANO, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendant which is based upon the files and records of this case.

//

//

# I

# STATEMENT OF THE CASE

On May 11, 2011, a federal grand jury for the Southern District of California returned an Indictment, charging the defendant with enticement of a minor and receipt of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2422(b) and 2252(a).

# II

# STATEMENT OF FACTS

### A.   The Offense

In April 2011, ICE Cyber Group received information from an agent in Harrisburg, Pennsylvania that a male subject in Pennsylvania had produced images of him sexually molesting 2 children (both approx. 9 years of age) and transmitted those images via Internet to a person residing in San Diego County. Further investigation revealed that the person who received the images was Corey James LOFTIN. Based upon the investigation, a federal search warrant was obtained on April 28, 2011 and executed on April 29, 2011. LOFTIN's computer was searched using forensically sound software and revealed multiple images of the male subject in Pennsylvania sexually molesting the two children. Several images are described as follows:

**Image 1:** DSCN3708.JPG
**Path:** /Documents and Settings/Beowulf/Desktop/temp/DSCN3708.JPG
**Description:** This image depicts a prepubescent female sitting down with her legs spread apart exposing her vagina. An adult male is digitally penetrating her vagina with his right index finger.

**Image 2:** DSCN4301.JPG
**Path:** /Documents and Settings/Beowulf/Desktop/temp/DSCN4301.JPG
**Description:** This image depicts a prepubescent female sitting on a toilet with her legs spread apart. The child is wearing light blue 'Hello Kitty' panties. Her panties are being pulled to the side exposing her vagina.

**Image 3:** DSCN4310.JPG
**Path:** /Documents and Settings/Beowulf/Desktop/temp/DSCN3688.JPG
**Description:** This image depicts a prepubescent female sitting down with her legs spread apart exposing her vagina. An adult male is spreading open her vagina with his left index and middle finger.

The prepubescent female child depicted in the aforementioned images is identified as one of the 9 year old victims of the male subject in Pennsylvania.

Further investigation revealed that Loftin actively chatted with the male subject in Pennsylvania and had sent images of himself engaged in sexual conduct. Some of the images are described below:

*Hash Value - 5deb5c2be527ac480d0c46500de822c7*

This video is a 1min 28sec video where the male identified as "Corey" addresses "Angel". During the course of this video "Corey" appears fully nude with an erect penis. "Corey" then says "I think you're pretty sexy too….and your girls' too….oh yeah, especially them".

**C:\Users\The Charmer\Videos\Corey vids\MOV05195.MPG**

*Hash Value - 8e1a784cc8af909e367d818202800ee1*

This video is a 53sec video where the male identified as "Corey" is showing off a short hair cut. He starts off by haying "Hi Cutie". He asks about cheerleading and makes reference to seeing video of someone participating and getting first place in a cheerleading competition. "Corey" makes reference to chatting with this person on web cam and that they should do it more often. At the end "Corey" says "I hope you like this" referring to his appearance without a shirt on.

**C:\Users\The Charmer\Videos\Corey vids\MOV05171.MPG**

*Hash Value - 0745072918951d72823e412a6dfe2181*

This video is 5min 8sec video where the male identified as "Corey" penetrates his anus digitally and with a device.

**C:\Users\The Charmer\Videos\Corey vids\butt.MPG**

*Hash Value - b3f9d853b06acd4a251b1ddd209b98b7*

This video is a 1min 31sec video where the male identified as "Corey" starts the video off by saying "Hi [child's name]…I heard you like when I first made you a video so I'm making you another one". (This child was identified as Child #2, the daughter of BONSIGNORE's girlfriend) "Corey" then references "Mike" in that he received information about [child's name] from "Mike". (*PA State Police Investigators know that "Mike" is Michael Izadore Bonsignore, DOB: 02/24/1967*) "Corey" then tells [child's name] that cheerleading will "keep her body in great shape and look really awesome". "Corey" then tells [child's name] that he was looking at pictures of her cousin "Kristal that Mike took for me". (This child is Child #1, the biological daughter of Michael Bonsignore) "Corey" says "She is so adorable….you know what's great about her…she is so free with her body like….have you ever seen her when she is on camera with me….she always like lifts her shirt and stuff…and shows me her chest….that's so awesome….cause she's really cute…and you know you can do that sometimes if you want…cause you're really cute too and that would be awesome. "Corey" then says "check my body out" as he rubs his hands over his body. "Corey" then says "check my butt" and pulls his pants down exposing his buttocks. He then turns to the front exposing

his genitals to the camera. "Corey" then says "bye bye hope you like this one too" and blows a kiss at the camera.

**C:\Users\The Charmer\Videos\Corey vids\MOV04954.MPG**

*Hash Value - 60754022c8e151830a9bdbc950e0f69b*

This video is a 1min 7sec video where the male identified as "Corey" appears in only a pair of boxer shorts. He starts off the video by saying "Hi [child's name]…I'm making this video just for you because I am so exited to finally get to meet you….I'm doing everything I can to raise the money so I can finally move out there and meet you in person. "Corey" then says "you are so cute I just cannot stand it ….you have that awesome cute little butt, I just want to grab it and bite it"…….I'm really glad that we get a chance to chat on cam on my computer….that is just so cool even though you're so far away we can still …ahhh….talk to each other…that's really cool….but soon we'll be together for real and we can play and everything…that will be awesome.

### III

### UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES

**A.     The Motion to Compel Discovery Should Be Denied**

The Government intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1)     The Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of Defendant's written statements that are known to the undersigned Assistant U.S. Attorney at this date and has also produced all available videotapes and/or audiotapes. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th

Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See <u>United States v. Brown</u>, 303 F.3d 582, 590 (5th Cir. 2002); <u>United States v. Coe</u>, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. <u>United States v. Spencer</u>, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See <u>United States v. Ramirez</u>, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not <u>Brady</u> material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. <u>Brown</u>, 303 F.3d at 595-96 (rough notes were not <u>Brady</u> material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); <u>United States v. Ramos</u>, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained <u>Brady</u> evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or <u>Brady</u>, the notes in question will be provided to Defendant.

      **(2)**    <u>**Criminal Record, Prior Bad Acts and 404(b) Evidence**</u>

The United States has already provided Defendant with a copy of the defendant's criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B). Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b), the United States will provide Defendant with notice of its proposed use of such evidence and information about such other acts at the time the United States' trial memorandum is filed.

      **(3)**    <u>**Documents/Evidence**</u>

The United States has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(4)     Scientific Tests/Experts**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

**(5)     Witness Discovery**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The Government is not aware of any "tips" provided by anonymous or identified persons that resulted in Defendant's arrest.

The Government objects to Defendant's request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)©." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v.

Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(6)    Jencks Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes are

read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(7)    Informants/Witnesses Evidence**

There are no informants involved in this case.  The United States has provided all reports produced to date.

**(8)    Exculpatory Evidence**

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963)

## IV
## CONCLUSION

For the above stated reasons, the Government respectfully requests that Defendant's motion be denied unless otherwise stated.

DATED:     June 24, 2011

Respectfully submitted,

LAURA E. DUFFY

United States Attorney

s/Alessandra P. Serano

ALESSANDRA P. SERANO

Assistant United States Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

UNITED STATES OF AMERICA,    )    Case No. 11CR1895-JLS
                                     )
          Plaintiff,          )
                                     )
      v.                      )
                                     )    CERTIFICATE OF SERVICE
COREY LOFTIN,              )
                                     )
          Defendant.         )
_____)

IT IS HEREBY CERTIFIED THAT:

      I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      Gretchen Von Helms, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on June 24, 2011

                                                                s/Alessandra P. Serano
                                                                ALESSANDRA P. SERANO