FILED
FEB 0 8 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COREY JAMES LOFTIN,<br>　aka ChibiRyuu9,<br>　aka ChibiRyuu,<br>　aka James W.,<br>　aka James West,<br><br>　　　　　Defendant. | Case No. <u>11CR1895-JLS</u><br><br>I N D I C T M E N T<br>　(Superseding)<br><br>Title 18, U.S.C., Sec. 2422(b) - Enticement of a Minor; Title 18, U.S.C., Sec. 2252(a)(2) - Receipt of Images of Minors Engaged in Sexually Explicit Conduct; Title 18, U.S.C., Sec. 2251(a) and (e) - Sexual Exploitation of a Child; Title 18, U.S.C., Sec. 2251(a) and (e) - Attempted Sexual Exploitation of a Child; Title 18, U.S.C., Sec. 2252(a)(2) - Distribution of Images of Minors Engaged in Sexually Explicit Conduct; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 2253(a)(3) and 2428 - Criminal Forfeiture |

The grand jury charges:

Count 1

From on or about 2008 to April 29, 2011, within the Southern District of California, defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, using any facility and means of interstate and foreign commerce, including the mail, telephone and by computer, did knowingly persuade, induce, entice, and coerce, an individual under the age of 18 years, to engage in unlawful

APS:nlv(1):San Diego
2/7/12



1 | sexual activity for which a person can be charged with a criminal
2 | offense; in violation of Title 18, United States Code,
3 | Sections 2422(b), and 2.

## Count 2

From on or about 2008 to April 29, 2011, within the Southern District of California, defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, did knowingly receive visual depictions using any means and facility of interstate and foreign commerce, that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contains materials which have been mailed, shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depictions were of such conduct; in violation of Title 18, United States Code, Sections 2252(a)(2), and 2.

## Count 3

On or about March 15, 2010, within the Southern District of California, defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, did attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means; in violation of Title 18 United States Code, Section 2251(a) and (e).

//
//

2

## Count 4

On or about January 17, 2011, within the Southern District of California, defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, did attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means; in violation of Title 18 United States Code, Section 2251(a) and (e).

## Count 5

On or about and between 2008 and April 29, 2011, within the Southern District of California, defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transmitted and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and was produced using materials that had been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, including by computer; in violation of Title 18, United States Code, Sections 2251(a) and (e), and 2.

## Count 6

On or about and between August 28, 2010 and April 29, 2011, within the Southern District of California, defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, did knowingly distribute visual depictions using any means and

facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contains materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depiction(s) were of such conduct; in violation of Title 18, United States Code, Section 2252(a)(2).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 6 of this Indictment are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 2253(a)(3), and 2428.

2. Upon conviction of one or more of the offenses alleged in Counts 1 through 6, which involve violations of Title 18, United States Code, Sections 2251(a), 2252(a)(2), and 2422(b), defendant COREY JAMES LOFTIN, aka ChibiRyuu9, aka ChibiRyuu, aka James W., aka James West, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a)(3), and 2428 all right, title and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of said offense, including but not limited to the following personal property:

    a. One (1) Western Digital hard drive, serial number WMAP41184033;

    b. One (1) Western Digital Caviar hard drive, serial number WMAAN1342419;

  c. One (1) Samsung cell phone SGH-T469, serial number RQMS873356J; and

  d. One (1) Sony camera DSC-H2, serial number 3617573.

 3. If any of the forfeitable property described above in Paragraph 2, as a result of any act or omission of the defendant,

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above in Paragraph 2.

All pursuant to Title 18, United States Code, Sections 2253(a)(3), and 2428.

DATED: February 8, 2012.

A TRUE BILL:

_[signature]_
Foreperson

LAURA E. DUFFY
United States Attorney

By: _[signature]_
ALESSANDRA P. SERANO
Assistant U.S. Attorney